*Opposed* —None. ·

KEVIN MCNAMARA, APPELLANT, v. LOUIS NICKOLOPOULOS, CHAIRMAN OF THE NEW JERSEY STATE PAROLE BOARD, RESPONDENT.

Argued December 1, 1987—Decided April 13, 1988.

*Daniel V. Gautieri*, Assistant Deputy Public Defender, argued the cause for appellant (*Alfred A. Slocum*, Public Defender).

*Stuart J. Lieberman*, Deputy Attorney General, argued the cause for respondent (*W. Cary Edwards*, Attorney General of New Jersey, attorney; *Michael R. Clancy*, Deputy Attorney General, of counsel).

The opinion of the Court was delivered by

O'HERN, J.

This appeal was argued with *Richardson v. Nickolopoulos*, 110 N.J. 241 (1988). It presents the same question of whether the statutory credit of *N.J.S.A.* 2C:44–5(b)(2) serves to reduce a judicial parole ineligibility bar made consecutive to a prior sentence.

For purposes of this appeal we accept McNamara's statement of facts. McNamara was sentenced on April 25, 1984 to an aggregate five-year term for aggravated assault, burglary, and theft. (He was awarded *Rule* 3:21–8 jail credits which are not

at issue.) On January 3, 1985, appellant was sentenced for a 1981 burglary: he received a five-year sentence with a two-year parole disqualifier, to run consecutive to the April 1984 sentence.

McNamara wants to reduce the two-year parole bar by the "gap-time" credit for the 253 days between these sentences. The Parole Board and the Appellate Division denied that credit on the same basis as that expressed in the *Richardson* case.

We granted certification, 108 *N.J.* 193 (1987), and now affirm that judgment for the reason stated in *Richardson v. Nickolo-poulos*, 110 *N.J.* 241 (1988), also decided today.

*For affirmance* —Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed* —None.